McFarland, J.,
delivered the opinion of the Court.
In October, 1866, Max Otten was appointed bookkeeper of the German National Bank, and gave bond, *476 with one Warburg and A. J. White, sureties. The condition of the bond is, that Otten should faithfully discharge the duties devolving on him as book-keeper, and truly and promptly account for all moneys, papers, securities, books, etc., which shall come into his possession, or be placed under his control as bookkeeper. This action was brought by the bank against White, one of the sureties, and it is alleged that the covenants in the bond were broken. The facts, which it is alleged the truth establishes, are, that Otten did not discharge his duty in keeping his own account upon the books — that he kept them falsely and fraudulently in this: that he failed to keep his own account in the proper book kept for that purpose, but secretly transferred the same to a book in which small accounts, called “sundries accounts,” were kept; and by this means kept his account concealed from the Cashier and other officers of the Bank, and was therefore enabled to overdraw $1,077.40, which he did before it was discovered, and that he never made his account’ good.
For the defendant it was insisted that Otten transferred his own account, with other small balances in the accounts of others of the employes, to the “sundries account,” by the direction and with the permission of Mr. Griffin, the Cashier, and for this the testimony of Otten is relied upon. This was the vital point in the case.
The plaintiff proved by Griffin, the Cashier, that some time in February, 1868, he discovered that Ot-ten had overdrawn his account, and had him called *477 before a meeting of the Board .of Directors to answer for it. And in that interview Otten stated that he had transferred his account to the “sundries account” in order to conceal the fact that he was overdrawing, and to mislead the officers of the Bank, and by this means had overdrawn largely. At this time Otten was dismissed by the Board.
This testimony was objected to by the defendant upon the ground that the statements of Otten, in defendant’s absence, and made after the acts complained of, were not admissible evidence against him. But the objection was overruled, and the testimony allowed to go to the jury.
This was manifestly important evidence, and the question is, Was it competent? It will be observed that they are not the statements of Otten made at the time of the acts complained of, but they are statements of his made afterward in regard to the purpose with which, at the time, he acted.
There can be no doubt that the entries made by -Otten in the course of his business, upon the books, was admissible evidence for the plaintiff; but is his admission afterward as to what he had done, and his purpose in doing so, admissible?
The rule laid down by Mr. Greenleaf is, that “ in cases on this subject the main inquiry has been, whether the declarations of the principal were made during the transaction of the business for which the surety was bound, so as to become part of the res gestae; if so, they have been held admissible; otherwise, not. The surety is considered as bound only *478 for the actual conduct of the party, and not for whatever he might say he had done; and therefore he is entitled to proof of his conduct by original evidence, where it can be had, excluding all declarations of the principal made subsequent to the act to which they relate, and out of the course of his official duty.” 1 Greenl. on Ev., Sec. 187.
The same rule is clearly established in the case of Trousdale v. Phillips, 2 Swan, 384. That was an action against the surety of a sheriff for money collected by the latter on execution, and not paid over. Declarations of the sheriff, made after the return day of the execution, to the effect that he had not paid over the money collected on the execution, were held inadmissible. . The same rule is recognized in Snell v. McGavock, 1 Swan, 208, and upon this question we believe the authorities are uniform. See Young v. Hare, 11 Hum., 308.
The ruling of the court below upon this question was therefore erroneous.
Without noticing the other question made, the judgment must be reversed, and a new trial awarded.